UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| 91 S. MAIN STREET, LLC, JOSEPH MOTTA, and KYLE O'HEHIR<br><br>    Plaintiffs,<br><br>v.<br><br>STEADILY INSURANCE AGENTS, INC., TIMOTHY ALFORD, and WESTCHESTER SURPLUS LINES INSURANCE COMPANY<br><br>    Defendants. | Case No.: 3:24-cv-01559-VAB<br><br><br><br><br><br>NOVEMBER 11, 2024 |

## FORM 26(F) REPORT OF PARTIES' PLANNING MEETING

**Caption of Case:**  *91 S. Main Street, LLC et al v. Steadily Insurance Agency, Inc. et al*

**Date Complaint Filed:**  September 6, 2024

**Date Complaint Served:**  Defendant Westchester Surplus Lines Insurance Company served on August 28, 2024 (Day Complaint and Summons was served on Insurance Commissioner for State of Connecticut)

  Defendant Timothy Alford served on August 29, 2024

  Defendant Steadily Insurance Agents served on August 29, 2024

**Date of Defendants' Appearance:**  Alexandra Kritzman on behalf of Westchester Surplus Lines Insurance Company filed on September 27, 2024

  Matthew James Van Dusen on behalf of Timothy Alford, Steadily Insurance Agency, Inc. filed on September 27, 2024.

  Josiah T.D. Butts on behalf of Westchester Surplus Lines Insurance Company filed on September 30, 2024.

  Carl M. Perri, Jr. on behalf of Timothy Alford, Steadily

1

Insurance Agency, Inc. filed on October 4, 2024.

Jacob R. Zissu on behalf of Timothy Alford, Steadily Insurance Agency, Inc. filed on November 4, 2024.

**Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 24, 2024. The participants were:**

Attorney Jon D. Biller for plaintiffs 91 S. Main Street, LLC, Joseph Motta, and Kyle O'Hehir.

Attorney Alexandra Kritzman for defendant Westchester Surplus Lines Insurance Company.

Attorney Matthew Van Dusen for defendants Steadily Insurance Agents and Timothy Alford.

## I.    Certification

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.   Jurisdiction

### A.    Subject Matter Jurisdiction

Subject matter jurisdiction is not contested.  The Parties agree that the jurisdiction of this Court is invoked by virtue of 28 U.S.C. § 1332 (a) because the properly joined parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### B.    Personal Jurisdiction

Personal jurisdiction is not contested.

## III.  Brief Description of Case

This action arises out of Plaintiffs' claim for coverage for damage to a commercial property, located at 91 South Main Street in Wallingford, Connecticut (the "Premises") resulting

from a fire on or about November 6, 2023. Plaintiffs allege that Defendants Steadily Insurance Agency, Inc. and its insurance agent, Timothy Alford ("Steadily Defendants"), failed to adequately secure and maintain insurance coverage for the Premises and were negligent in handling the Plaintiffs' insurance applications. Specifically, Plaintiffs allege that the Steadily Defendants helped obtain insurance for the Premises in early 2023. However, that insurance was cancelled three months later. The Steadily Defendants then obtained replacement coverage for the Premises via an insurance policy issued by defendant Westchester Surplus Lines Insurance Company ("Westchester"). Specifically, Westchester issued to Joseph Motta an insurance policy bearing the number FSF17162615001 with a policy period of May 24, 2023, through May 24, 2024 (the "Policy").

The Policy provided coverage for physical loss and damage to the Premises subject to certain limitations, conditions, and exclusions. In June 2023, Plaintiffs allege that Joseph Motta received an inspection letter dated June 13, 2023, requiring Plaintiffs to make certain safety-related upgrades to the Premises, which included (1) placing fire extinguishers in visible areas throughout the Premises, (2) installing metal dryer exhaust vent tubing to the exterior of the Premises, and (3) reviewing their tenants' certificates of insurance. The Steadily Defendants allegedly told Plaintiffs that they needed to respond to the letter by August 3, 2023. The letter requested that Joseph Motta respond with an update about the status of the safety upgrades within thirty days.

Plaintiffs allege that they responded to the letter via a virtual portal (the "Portal") on July 31, 2023, stating that they would comply with all recommended safety upgrades. Plaintiffs allege, however, that they were sent a notice of cancellation of the Policy dated June 23, 2023—just ten days after the date of the inspection letter—stating that the Policy would be cancelled on August 22, 2023, for failure to comply. Plaintiffs allege that they were not aware of the cancellation notice

until after the loss occurred on or around November 6, 2023, and believed that the Policy remained in effect.

As to the Steadily Defendants, Plaintiffs allege that the Steadily Defendants were negligent in the handling of the Plaintiffs' insurance needs. Plaintiffs further allege that the Steadily Defendants affirmatively represented to the Plaintiffs that they had complied with information requests and assured the Plaintiffs that the Policy was in effect. The Steadily Defendants deny these allegations.

As to Westchester, Plaintiffs allege that Westchester improperly cancelled the Policy and directed Joseph Motta to utilize a computer Portal, operated by a third party, which was ineffective and/or dysfunctional. Plaintiffs further allege that Westchester must reimburse Plaintiffs for damage to the Premises. Westchester denies these allegations.

    **A.**    **Claims of Plaintiffs:**

1. On or about November 6, 2023, while said policy was in full force and effect, the subject property suffered a fire loss.

2. Plaintiffs claim negligence on the part of the Steadily Defendants for breaching their duty to exercise reasonable care, diligence, and competence in procuring and monitoring insurance and preparing applications on behalf of the Plaintiffs.

3. Plaintiffs claim a breach of its insurance policy for failure to pay for damage to the subject property. Westchester has failed and refused to pay Plaintiffs fully for its loss, thereby breaching the contract of insurance entered into by the parties.

4. Plaintiffs also assert damages for alleged unfair insurance practices and for the bad faith handling of its claim.

    **B.**    **Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims)(either pled or anticipated) of Defendants:**

Defendants STEADILY INSURANCE AGENTS, INC. ("Steadily"), and TIMOTHY ALFORD ("Alford") (collectively the "Steadily Defendants") take the following defense position. The Steadily Defendants, as retail insurance brokers, obtained plaintiff Joseph Motta ("Plaintiff Motta") a property insurance policy from defendant Westchester Surplus Lines Insurance Company ("Westchester"), bearing policy number FSF17162615 001, effective May 24, 2023 to May 24, 2024 (the "Westchester Policy"). The Steadily Defendants utilized non-party wholesale broker R-T Specialty, LLC ("RT Specialty") to obtain the Westchester Policy. Plaintiff Joseph Motta financed the premium of the Westchester Policy through non-party Ascend such that the premium was paid to Ascend on a monthly basis instead of in full when the Westchester Policy incepted. RT Specialty hired non-party Sedgwick to inspect the property at 91 South Main Street, Wallingford, Connecticut 06492 ("Property") and four recommendations were issued ("Recs"). On June 13, 2023, Sedgwick sent a letter to Plaintiff Motta and copied the Steadily Defendants about the Recs. Sedgwick directed Plaintiff Motta to respond to the Recs online on non-party iauditexpert.com's website with a caveat that "Failure to respond the recommendations may jeopardize your insurance coverage."  On June 23, 2023, RT Specialty, on behalf of Defendant Westchester issued a Notice of Cancellation letter to Plaintiff Motta and the Steadily Defendants advising Plaintiff Motta that the Westchester Policy would cancel on August 22, 2023 at 12:01 A.M. Standard Time and the reason for cancellation was "No Response to Inspection Discrepancies". Per iAuditExpert.com's Recommendation Responses, on July 31, 2023, Plaintiff logged in and entered "[w]e will conform with recommendations requested, thank you." To date, the Steadily Defendants have no electronic evidence/proof as to whether or not Plaintiff Motta complied with the Recs and provided proof of compliance, as they do not own, operate and/or control the non-party iAuditExpert.com website.

A fire occurred at the Property on November 6, 2023 ("Fire"). On November 7, 2023, Plaintiff Motta called Alford to notify him of the Fire. The Steadily Defendants understand that RT Specialty requested internal review of the Westchester Policy, advising documentation had been submitted and Steadily had previously requested the cancellation to be rescinded. The following day, RT Specialty advised Steadily that Defendant Westchester declined reinstatement due to "The response on the recommendation letter does not confirm that the recommendations were completed or have any photos to show the remediation." The Steadily Defendants understand that Plaintiff Motta received no coverage under the Westchester Policy with respect to the Fire. The Steadily Defendants did not cause Plaintiff Motta's situation with Defendant Westchester, whether Westchester, and/or RT Specialty was right or wrong in the coverage position, as the Steadily Defendants obtained Plaintiff an excess lines insurance policy and desired their client to have coverage under the Westchester Policy for the Fire. Thus, either Plaintiff Motta was the cause of this lack of coverage situation or Defendant Westchester, and/or its agent RT Specialty was the cause. RT Specialty may need to be added by Plaintiff as an additional defendant or it may need to be impleaded as a third-party defendant by one or all of the defendants. Finally, Ascend may need to be added by Plaintiff as an additional defendant as it now appears that it continued to invoice Plaintiff for monthly premium payments despite the cancellation of the Westchester Policy arguably leading Plaintiff Motta to believe that Westchester Policy was still in place after August 22, 2023.

Defendant WESTCHESTER takes the following defense position. At this time, Westchester has very little information regarding the facts and circumstances giving rise to this lawsuit. As far as Westchester is concerned, the Policy was effectively cancelled, consistent with

the requirements of Connecticut law, well before the Plaintiffs' claimed loss occurred, and therefore Westchester can have no liability for the fire loss under the terms of the Policy.

## IV. Statement of Undisputed Facts

**The following material facts are undisputed:**

1. Westchester issued a commercial lines insurance policy, Policy No. FSF 17162615001, to Joseph Motta for the policy period of May 24, 2023 through May 24, 2024.

2. The Policy contained various lines of coverage, including commercial property which provided coverage for physical loss or damage to the premises located at 91 South Main Street in Wallingford, Connecticut subject to certain limitations, conditions, exclusions, and other provisions.

3. A fire occurred at the premises located at 91 South Main Street in Wallingford, Connecticut on or around November 6, 2023.

## V. Case Management Plan:

### A. Initial Disclosures

Initial disclosures will be served by November 18, 2024.

### B. Scheduling Conference

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

### C. Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time; however, counsel for the parties will keep open lines of communication to facilitate settlement discussions should prospects for settlement change.

2. The parties request an early settlement conference.

3. The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

    4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    **D.**    **Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

    1.    Plaintiffs should be allowed until **January 3, 2025** to file motions to join additional parties and until **November 26, 2024** to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

    2.    Defendant(s) should be allowed until **January 31, 2025** to file motions to join additional parties and until **December 13, 2024**, to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

    **E.**    **Discovery**[1]

    a.    All discovery shall be completed by **October 31, 2025**. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case."

**Plaintiff's Position:**

Plaintiffs may seek permission to ask for more than twenty-five interrogatories, if such a need arises and good cause exists. Plaintiffs have filed this cause of action sounding in negligence, breach of contract and alleging unfair insurance practices and bad faith and expects to seek discovery on these topics. Plaintiffs also expect to disclose expert witnesses as to damages, the cause and origin of the fire, and the Defendants' actions and inactions in handling the claim.

**Defendants' Position (if different):**

    b.    The parties anticipate that discovery will be needed on the following subjects: [list each of the principal issues of fact on which discovery will be needed; a

---

[1] Pursuant to Judge Bolden's preferences on 26(f) reports, the parties' set forth the following date for a post-discovery telephonic status conference: **November 21, 2025**.

statement that, e.g., "discovery will be needed on liability and damages" is insufficient].

1. The allegations of the complaint;

2. The terms, conditions, and limits of the Policy;

3. The inspection letter sent to Motta and/or other Plaintiffs;

4. Joseph Motta and/or the other Plaintiffs' response to the inspection letter;

5. The facts and circumstances concerning the cancellation of the Policy;

6. Defendants' and Plaintiffs' knowledge of the facts and circumstances of the Policy's cancellation;

7. The facts and circumstances surrounding the Loss;

8. The scope and dollar amount of Loss to the insured premises;

9. The parties' knowledge of the Loss;

10. Joseph Motta and/or the Plaintiffs' insurance claim under the Policy;

11. The parties' knowledge of the insurance claim under the Policy;

12. Defendant's handling of Plaintiff's insurance claim;

13. Defendant's claim handling guidelines for first party property insurance claims;[2]

14. The facts supporting any affirmative defenses raised by either party;

15. Expert findings and testimony; and

---

[2] Defendant Westchester disagrees that discovery will be needed on this topic.

16. Such further information as necessary for the just adjudication of this dispute.

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by **January 24, 2025**, and completed (not propounded) by **October 31, 2025**.

d. Discovery will not be conducted in phases.

e. If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by [not applicable].

f. The parties anticipate that the plaintiff(s) will require a total of 5 depositions of fact witnesses, and that the defendant(s) will require a total of 5 depositions of fact witnesses. The depositions will commence by **January 31 2025** and be completed by **July 4, 2025**.

g. The parties may request permission to serve more than 25 interrogatories.

h. Plaintiffs intend to call expert witnesses at trial. Defendants intend to call expert witnesses at trial.

i. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **July 3, 2025** (which is a Thursday, due to the July 4th holiday). Depositions of any such experts will be completed by **September 26, 2025**.

j. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **August 29, 2025**. Depositions of such experts will be completed by **October 31, 2025**.

k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **December 6, 2024**.

l. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following

procedures for the preservation, disclosure and management of electronically stored information:

Pursuant to Rule 26(f)(3)(C), the parties do not anticipate any unusual issues regarding the disclosure or discovery of electronically stored information. In response to discovery requests, the parties have agreed, without waiver of any applicable objections, to produce reasonably accessible, non-privileged, relevant, and responsive electronically stored information in a format to be agreed upon by stipulation.

    m.    Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information:

The parties do not anticipate any unusual issues regarding the disclosure or discovery of information stored in paper or other nonelectronic forms. In response to discovery requests, the parties have agreed, without waiver of any applicable objections, to produce reasonably accessible, non-privileged, relevant, and responsive information stored in paper or other non-electronic forms.

    n.    Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

Counsel agrees to diligently pre-screen all discovery documents to ensure that privileged and/or work product documents are not disclosed and are referenced in an appropriate privilege log. Any document listed specifically on a privilege log, if it is claimed to have been produced inadvertently and such claim of inadvertence is not contested, may be subject to the following: any party may request the return of any inadvertently produced document as to which that party asserts the attorney-client or work-product privilege or the reclassification of any misclassified document which the producing party claims to be privileged. Any such inadvertent production will not be

considered to have waived any claim of privilege or protection from discovery. The return of any such inadvertently produced or misclassified document shall not be construed as a waiver by the person returning the document of its right to challenge the assertion of the privilege or confidentiality on any ground other than the inadvertent production itself. The inadvertent publication of a document by the Court shall not constitute a waiver of any applicable privilege.

**F.     Other Scheduling Issues**

The parties propose the following schedule for addressing other issues pertinent to this case: Not applicable.

**G.     Dispositive Motions:**

All dispositive motions will be filed on or before **November 28, 2025**.

**H.     Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by 30 days after the Court's decision on any motion(s) for summary judgment, or by **April 10, 2026**, whichever is later.

**VI.    TRIAL READINESS**

The case will be ready for trial by **May 1, 2026**.

As officers of the Court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiffs

By */s/ Jon D. Biller*                          Date: November 11, 2024
Print Name: Jon D. Biller

Defendant Steadily Insurance Agency

By  */s/ Matthew Van Dusen*               Date: November 11, 2024
Print Name: Matthew Van Dusen

Defendant Timothy Alford

By  /s/ Matthew Van Dusen            Date: November 11, 2024
Print Name: Matthew Van Dusen

Defendant Westchester Surplus Lines Insurance Company

By  _____        Date: November 11, 2024
Print Name: Alexandra Kritzman

## CERTIFICATION

     I hereby certify that on November 11, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                  */s/ Jon D. Biller*
                                                  Jon D. Biller